# EXHIBIT "B"

# Appendix A.
# The Employment Arbitration Policy

## Statement of Intent

Citi values each of its employees and fosters good relations with, and among, all of its employees. Citi recognizes, however, that disagreements occasionally occur between an individual employee and Citi or between employees in a context that involves Citi.[1]

Citi believes that the resolution of such disagreements is best accomplished through open-door communications and by external arbitration (with respect to all matters within the scope of this Policy). For these reasons, Citi has adopted this Employment Arbitration Policy ("Policy"), which is applicable to all employment-related disputes, whether initiated by you or by Citi, as further described below.

Arbitration shall be conducted either under the auspices of the Financial Industry Regulatory Authority, Inc. ("FINRA") or the American Arbitration Association ("AAA") as follows:

- Before the arbitration facilities of FINRA if you are, or were, a person associated with Citigroup Global Markets Inc. ("CGMI"), i.e., a member of FINRA ("Associated Person"), and your dispute, or any portion of it, arises out of or relates to your association with CGMI. You're an Associated Person
if you're FINRA registered, or applied for registration; you're an officer, director or branch manager of CGMI; or you're engaged in CGMI's investment banking or securities business. Keep in mind that you may be a Citi Dual Employee, meaning you're employed by both CGMI and another Citi affiliate (e.g., Citibank, N.A.). If you're a Citi Dual Employee and any aspect of your dispute arises out of or relates to your association with CGMI, your entire dispute must be submitted to FINRA, including any dispute with your other, non- CGMI, Citi employer.

- Before the arbitration facilities of the AAA where you don't meet the criteria above for FINRA arbitration. This includes when you're a Citi Dual Employee and no aspect of your dispute arises out of or relates to your association with CGMI. Also, you must submit
to AAA where you otherwise meet the criteria for FINRA arbitration under this Policy but FINRA declines the use of its facilities or the dispute is ineligible for arbitration before FINRA.

Employment with Citi is a voluntary relationship for no definite period of time, and nothing in this Policy or any other Citi document constitutes an express or implied contract of employment for any definite period of time.

This Policy doesn't constitute, nor should it be construed to constitute, a waiver by Citi of its rights under the "employment-at-will" doctrine nor does it afford an employee or former employee any rights or remedies not otherwise available under applicable law.

To the extent permitted by applicable law, your eligibility and consideration for merit increases, incentive and retention awards, equity awards, or the payment of any other compensation to you, as well as your acceptance of employment with Citi, or your continued employment with Citi after this Policy is distributed, shall constitute consideration for and assent to your obligations under this Policy.

---

[1] Citi refers to Citigroup Inc., its subsidiaries and affiliates.

# Scope of Policy

This Employment Arbitration Policy applies to both you and to Citi, and makes arbitration the required and exclusive forum for the resolution of all covered employment-related disputes (i.e., other than disputes which are expressly excluded from this Policy as described below) between you and Citi (including Citi's predecessors, successors and assigns, its current, former, and future parents, subsidiaries and affiliates and its and their current, former, and future officers, directors, employees and agents). However, this Policy doesn't create a legal claim where one does not otherwise exist under law. Therefore, by acknowledging receipt of this Policy and/or continuing your employment with Citi after this Policy is distributed, you are accepting the Policy and waiving any legal right you may have to bring your employment-related disputes in court and/or to have your disputes heard by a jury. This Policy applies to both existing and future disputes, including any disputes based on conduct that occurred before this Policy. Subject to the remainder of this Section, these disputes include, without limitation, claims, demands or actions under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto, and any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation, or any claims arising under or related to the Citigroup Separation Pay Plan.

Claims for Workers' Compensation or unemployment compensation benefits aren't covered by this Policy; however, claims for workers' compensation retaliation and unemployment compensation retaliation remain covered by this Policy. Non-individual California Labor Code Private Attorneys General Act ("PAGA") claims for penalties relating to California Labor Code violations that you did not directly experience also are not covered by this Policy. Disputes which are expressly precluded from arbitration by federal statute also are not covered by this policy.

If you elect to pursue in court claims that are excluded from this Policy, including claims regarding disputes which are expressly precluded from arbitration by federal statute, Citi may at its option sever any such claims that you file in court from any other claims that you bring against Citi. Citi may choose whether those other claims will be litigated separately in arbitration (if they are covered by this Policy) or whether those other claims will be litigated together with the claims excluded from this Policy that you filed in court.

This Policy doesn't exclude the jurisdiction of the National Labor Relations Board ("NLRB"), the Equal Employment Opportunity Commission ("EEOC"), state and local human rights agencies, and/or any law enforcement agencies to investigate alleged violations of the laws enforced by the EEOC and/or these agencies. You aren't waiving any right to file a charge of discrimination or other proceeding with, or participate in an investigation or other proceeding conducted by, any government, regulatory or self-regulatory agency, including (without limitation) the EEOC, state or local human rights agency, and/or any law enforcement agency. You do not need the prior authorization of Citi to provide evidence or other information to any government, regulatory or self- regulatory agency, and you are not required to notify Citi that you have done so.

Nothing contained in this Policy is intended to prohibit or restrict you or Citi from providing evidence or other information to any government, regulatory, or self-regulatory agency such as (without limitation) the Securities and Exchange Commission ("SEC"), the Commodity Futures Trading Commission ("CFTC"), The Department of Justice ("DOJ"), the Financial Industry Regulatory Authority, Inc. ("FINRA"), or the New York Stock Exchange ("NYSE"), or from participating in any reward program offered by any government, regulatory, or self-regulatory agency. You may also disclose confidential information, including trade secrets, to (a) any government, regulatory, or self-regulatory agency, including under Section 21F of the Securities and Exchange Act of 1934, Section 23 of the Commodity Exchange Act of 1936, or Section 7 of the Defend Trade Secrets Act of 2016 ("Defend Trade Secrets Act"), and the rules thereunder or (b) an attorney in connection

with the reporting or investigation of a suspected violation of law or to an attorney or in a court filing under seal in connection with a retaliation or other lawsuit or proceeding, as permitted under the Defend Trade Secrets Act. You do not need the prior authorization of Citi to make these disclosures or provide evidence or other information to any government, regulatory, or self- regulatory agency, and you are not required to notify Citi that you have done so.

The disclosures permitted under this Paragraph are intended for regulatory and/or law enforcement purposes. It does not permit disclosure for commercial or competitive purposes of any confidential information, including trade secrets or attorney-client privileged information, to government owned, related or sponsored agencies, entities or enterprises that compete directly or indirectly with Citi and its businesses.

Claims covered under this Policy must be brought in arbitration in an individual capacity only for injuries or violations directly experienced by the party bringing the claim and must be adjudicated on an individual basis. As a result, you expressly waive any right, with respect to any claims covered under this Policy, to arbitrate violations or injuries that you did not directly experience. Neither you nor Citi may submit or maintain a class, collective or, with respect to any claims covered under this Policy, a non- individual representative action for resolution under this Policy or in any forum.

To the maximum extent permitted by law, and except where expressly prohibited by law, arbitration on an individual basis pursuant to this Policy is the exclusive remedy for any employment-related disputes covered by this Policy which might otherwise be brought on a class, collective or non-individual representative action basis. Accordingly, you may not participate as a class or collective action representative or as a member of any class, collective or, with respect to any claims covered under this Policy, of a non-individual representative action, and will not be entitled to any recovery from a class, collective or non-individual representative action in any forum. Any disputes concerning the validity of this class, collective and non-individual representative action waiver will be determined and enforced under and in accordance with the Federal Arbitration Act, and shall be decided by a court of competent jurisdiction, not by the arbitrator.

The arbitrator will have no power to adjudicate claims on a class, collective, or non-individual representative basis. The arbitrator will have no power to adjudicate or award remedies for violations that a party to the arbitration did not directly experience. The arbitrator will have power to adjudicate or award remedies only as to violations that a party to the arbitration directly experienced. Non- individual claims, including non-individual representative action claims brought pursuant to PAGA, place significant burden on arbitration. Therefore, the arbitrator cannot hear or decide non-individual claims. Claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties. The arbitrator will have no authority or power to make class or collective decisions or award class or collective remedies. Similarly, the arbitrator will have no authority or power to award penalties pursuant to PAGA other than for violations the individual employee directly experienced. Once appointed, the arbitrator may not consolidate more than one person's claims, and the arbitrator may not otherwise preside over any form of class, collective, or non-individual representative proceeding, including non-individual PAGA claims.

To the extent any dispute between you and Citi is not subject to arbitration for any reason, the class, collective and non-individual representative action waiver set forth in this Policy still applies to the extent permitted by law.

In the event this class or collective action waiver is found to be unenforceable with respect to any claim, then any such claim brought on a class or collective action basis must be decided by a court of competent jurisdiction, not an arbitrator, and the court will decide the claim as to which the class or collective action waiver was held unenforceable, provided that if any portion of the waiver remains valid, then the individual claim(s) will be heard and enforced in arbitration, and under no circumstance will the non-individual claim(s) be heard in arbitration.

If, for any reason, the non-individual representative action waiver is held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the claim as to which the non-individual representative action waiver was held unenforceable, provided that if any portion of the waiver remains valid, then the individual claim(s) will be heard and enforced in arbitration, and under no circumstances will the non- individual claim(s) be heard in arbitration.

Nothing in this Policy shall prevent you or Citi from seeking from any court of competent jurisdiction injunctive relief in aid of arbitration or to maintain the status quo prior to arbitration.

This Policy doesn't require that Citi institute arbitration before taking disciplinary action of any kind, including termination of employment. However, if you disagree with any such disciplinary action, believe that such action violated your legally protected rights, and wish to pursue the dispute, you must institute proceedings in accordance with the Policy. The results of the arbitration process are final and binding on you and Citi.

Nothing in this Policy is intended to preclude your right to challenge the validity of this Policy on such grounds as may exist in law or equity.

Retaliation against employees who file a claim under this Policy, including claims regarding the validity of this Policy or any provision thereof, is expressly prohibited.

For any dispute that by law cannot be subject to pre-dispute arbitration agreements, you and Citi may voluntarily agree to resolve that dispute by arbitration after the dispute has arisen. Such arbitration shall be governed by the same rules and procedures set forth in this Policy.

# Arbitration rules and procedures

These rules and procedures will govern all arbitrations between Citi and its employees, including those conducted on a voluntary basis through mutual agreement of the parties, except as otherwise agreed by you and Citi.

Arbitration under this Policy shall be conducted pursuant to the Employment Arbitration Rules and Mediation Procedures of the AAA or the rules for FINRA arbitration, in either case, "rules." Citi has modified and expanded these rules and procedures in certain respects. In particular, provisions covering fees and costs have been modified so that many of the costs typically shared by the parties will be borne by Citi.

To the extent any of the rules or procedures set forth in this Policy are in conflict with the rules or procedures of the arbitration forum at the time of the filing of an arbitration claim, the rules and procedures of this Policy shall govern.

1.  **Initiation of arbitration proceeding**

All disputes, whether initiated by you or by Citi, must be timely filed in accordance with the applicable statute of limitations for the claim(s) alleged. To initiate arbitration you must send a written demand for arbitration to the General Counsel, Global Employment Law for Citi; the demand will be considered timely if filed or received by Citi within the time period provided by the statute of limitations applicable to the claim(s) set forth in the demand. All demands, whether filed by you or by Citi, shall set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute; the amount in controversy, if any; and the remedy sought. If you are an Associated Person or a Citi Dual Employee, you also will be required to specify whether your dispute, or any remedy sought in the dispute, is related in any way to your association with CGMI. Within 30 calendar days of receiving a demand, or as soon as possible thereafter, Citi shall file the demand with the appropriate office of the AAA or FINRA. You and Citi will also complete any other required forms for submission of the claim for arbitration, such as the Uniform Submission Agreement, when filing a claim with FINRA. For disputes subject to FINRA arbitration, you also may initiate a claim with Human Resources as outlined herein or pursuant to FINRA's Code of Arbitration Procedure, which can be found at www.finra.org/ArbitrationMediation/ Rules/CodeofArbitrationProcedure/index.htm. The AAA's Employment Arbitration Rules and Mediation Procedures can be found at www.adr.org/employment.

---

### 2. Appointment of neutral arbitrator(s)

Neutral arbitrator(s) shall be appointed in the manner provided by AAA or FINRA rules, as applicable. However, it's Citi's intent that arbitrators be experienced and knowledgeable about employment-related claims.

### 3. Qualifications of neutral arbitrator(s)

No person shall serve as a neutral arbitrator in any matter in which that person has any financial, personal or other interest in the result of the proceeding, or in which that person has a relation to the underlying dispute, including any relation to the parties. Prior to accepting appointment, the prospective arbitrator(s) shall disclose any circumstance likely to prevent a prompt hearing or to raise an issue as to the arbitrator's bias, impartiality or independence. Upon receipt of such information, the AAA or FINRA, as applicable, either will replace that person or communicate the information to the parties for comment. Thereafter, the AAA or FINRA, as applicable, may disqualify that person, and its decision shall be conclusive. Vacancies shall be filled in accordance with the AAA or FINRA rules, as applicable.

### 4. Vacancies

The AAA or FINRA, as applicable, is authorized to substitute another qualified arbitrator if a vacancy occurs or if an appointed arbitrator is unable to serve promptly.

### 5. Proceedings

The hearing shall be conducted by the arbitrator(s) in whatever manner will most expeditiously permit full presentation of evidence and arguments of the parties. The arbitrator(s) shall set the date, time and place of the hearing, notice of which must be given to the parties by the AAA or FINRA, as applicable, at least 30 calendar days in advance unless the parties agree otherwise. Arbitration hearings shall be held in the closest available venue to your current Citi work location (or for former employees, their last Citi work location), unless the parties agree otherwise. Throughout this Policy there will be references to AAA or FINRA, but only one set of these rules applies to any particular proceeding. In the event the hearing can't reasonably be completed in one day, the arbitrator(s) will schedule the hearing to be continued on a mutually convenient date.

### 6. Representation

Any party may be represented by an attorney or other representative (excluding any Citi supervisory employee) or by himself or herself. For an employee or former employee without representation, the AAA or FINRA, as applicable, may, upon request, provide reference to institutions that might offer assistance.

### 7. Confidential information and attendance at hearing

This Policy does not require that claims be kept confidential; however, Citi reserves the right to seek an appropriate order from the arbitrator(s) in order to protect personally identifiable ("PII"), client, confidential, proprietary or otherwise sensitive information. Other than the party and the party's representative, the arbitrator(s) shall have authority to exclude witnesses from the hearing during the testimony of any other witness and any person who isn't a witness from attending the hearing.

### 8. Postponement

The arbitrator(s) for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative and shall grant such postponement when all of the parties agree thereto.

## 9. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator(s) may require a witness to testify under oath administered by any duly qualified person and, if it's required by law or requested by any party, shall do so.

## 10. Stenographic record

In the event a party requests a stenographic record, that party shall bear the cost of such record. If both parties request a stenographic record, the cost shall be borne equally by the parties. In the event the claimant requests a stenographic record, Citi shall bear the cost of obtaining a copy of the record for itself. In the event Citi requests a stenographic record, Citi also shall bear the cost of providing a copy to the claimant.

## 11. Arbitration in the absence of a party

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator(s) shall require the party who's present to submit such evidence as the arbitrator(s) may require for the making of the award.

## 12. Discovery

Discovery requests shall be made pursuant to the rules of the AAA or FINRA, as applicable. Upon request of a party, the arbitrator(s) may order further discovery consistent with the applicable rules and the expedited nature of arbitration.

## 13. Prehearing motions

The arbitrator(s) shall consider and rule on prehearing motions, including dispositive motions. Any ruling regarding such motion shall be made consistent with Section 19 of this Policy.

## 14. Evidence

The arbitrator(s) shall be the judge of the relevance and materiality of the evidence offered; strict conformity to legal rules of evidence shall not be necessary.

## 15. Evidence by affidavit and filing of documents

The arbitrator(s) may receive and consider the evidence of witnesses by affidavit but shall give it only such weight as the arbitrator(s) deems (deem) it entitled to after consideration of any objection made to its admission. All documents to be considered by the arbitrator(s) shall be filed at the hearing.

## 16. Closing of hearing

The arbitrator(s) shall ask whether the parties have any further proof to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator(s) shall declare the hearing closed and the minutes thereof shall be recorded.

76

## 17. Waiver of procedures

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures hasn't been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

## 18. Time of award

The award shall be made promptly by the arbitrator(s) unless otherwise agreed by the parties or specified by law. The arbitrator(s) shall be instructed to make the award within 30 calendar days of the close of the hearing or as soon as possible thereafter.

## 19. Award

a. Form. The award shall be in writing and shall be signed by the arbitrator(s). If either party requests, such award shall be in a form consistent with the rules of the AAA or FINRA, as applicable. All awards shall be executed in the manner required by law. The award shall be final and binding upon the parties, and judicial review shall be limited as provided by law.

b. Scope of relief. The arbitrator(s) shall be governed by applicable federal, state and/or local law. The arbitrator is obligated to follow and apply the law applicable to any claims covered by this Policy, and does not have the authority to enlarge upon or add to, subtract from or disregard, or otherwise alter your or Citi's rights under such laws. The arbitrator(s) shall have the authority to award compensatory damages and injunctive relief to the extent permitted by applicable law. The arbitrator(s) may award punitive or exemplary damages or attorneys' fees where expressly provided by applicable law. The arbitrator(s) shall not have the authority to make any award that's arbitrary and capricious or to award to Citi the costs of the arbitration that it's otherwise required to bear under this Policy.

c. No precedential effect. No arbitration finding, ruling, order, award or decision will have any preclusive effect as to any other issues or claims in any other arbitration or court proceeding unless the party asserting preclusion and the party against whom preclusion is asserted were also named parties in the original arbitration.

## 20. Delivery of award to parties

The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address via certified mail, return receipt, personal service of the award, or the filing of the award in any manner that's permitted by law.

## 21. The Federal Arbitration Act and enforcement

This Policy shall be governed by and enforced under the Federal Arbitration Act (Title 9 U.S.C.) ("FAA"). The award of the arbitrator may be enforced under the terms of the FAA and/or under the law of any state to the maximum extent possible. If a court determines that the award isn't completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law.

## 22. Judicial proceedings and exclusion of liability

a. Neither the AAA or FINRA, nor any arbitrator in a proceeding under this Policy, is a necessary party in judicial proceedings relating to the arbitration.

b. Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

## 23. Expenses and fees

Unless otherwise precluded by applicable law, expenses and fees shall be allocated as follows:

a. Filing fees. Citi shall pay any filing fee required by the AAA or FINRA, as applicable.

b. Hearing fees and arbitrator fees. Citi shall pay the hearing fee and arbitrator fee for the hearing.

c. Timing of fee payments. Any required fees or costs for the arbitration shall be due no sooner than thirty days after receipt of an invoice from AAA or FINRA for those required fees or costs.

d. Postponement/cancellation fees. Postponement  and cancellation fees shall be payable, at the discretion of the arbitrator, by the party causing the postponement or cancellation.

e. Other expenses. The expenses of witnesses shall be paid by the party requiring the presence of such witnesses. All other ordinary and reasonable expenses of the arbitration, including hearing room expenses; travel expenses of the arbitrator, AAA or FINRA representatives, as applicable; and any witness produced at the arbitrator's direction, shall be paid completely by Citi.

f. Legal fees and expenses. Each side shall pay its own legal fees and expenses subject to Paragraphs 19(b) and 23 (a) and (b) above and to applicable law.

The allocation of expenses as provided for in items "a" through "e" may not be disturbed by the arbitrator except where the arbitrator determines that a party's claims were frivolous or were asserted in bad faith.

## 24. Serving of notice

Any notices or process necessary or proper for the initiation or continuation of an arbitration under these procedures, for any court action in connection therewith or for the entry of judgment on an award made under these procedures, may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party. The AAA or FINRA, as applicable, and the parties also may use facsimile transmission, telex, telegram or other written forms of electronic communication to give the notices required by these procedures, provided that such notice is confirmed by the telephone or subsequent mailing to all affected parties.

Service on the other party must be simultaneous with the filing and be made by the same means.

## 25. Time period for arbitration

Any proceeding under this Policy must be brought within the time period provided for within the statute(s) of limitations applicable to the claims asserted by the claimant.

## 26. Amendment or termination of arbitration policy

Citi reserves the right to revise, amend, modify or discontinue the Policy at any time in its sole discretion with 30 calendar days' written notice. Such amendments may be made by publishing them in the Handbook or by separate release to employees and shall be effective 30 calendar days after such amendments are provided to employees and will apply prospectively only. Your continuation of employment after such amendments are distributed or provided to employees shall be deemed acceptance of the amended terms.

## 27. Interpretation and application of procedure

Except as otherwise provided by this Policy, the arbitrator shall interpret and apply these procedures as they relate to the arbitrator's powers and duties; all other procedures shall be interpreted and applied by the AAA or FINRA, as applicable. Except as otherwise expressly agreed upon, and except as otherwise provided by this Policy, any dispute as to the arbitrability of a particular claim made pursuant to this Policy shall be resolved in arbitration.

## 28. Severability

If any part or provision of this Policy is held to be invalid, illegal or unenforceable, such holding won't affect the legality, validity or enforceability of the remaining parts and each provision of this Policy will be valid, legal and enforceable to the fullest extent permitted by law.

Brennan McDonough, Managing Director
Global Head of Employee Relations and HR Policy

© 2025 Citi Inc. All rights reserved. Citi and Citi and Arc Design are trademarks and service marks of Citigroup Inc. or its affiliates and are used and registered throughout the world.

