## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

YULIYA GLAZMAN,

      Plaintiff,

v.                          Case No. 6:26-CV-00555-CEM-NWH

CITIGROUP, INC.,

      Defendant.

_____

### DEFENDANT CITIGROUP, INC.'S
### MOTION TO STAY RULE 26(f) CONFERENCE AND DISCOVERY

Defendant, Citigroup, Inc.[1] (hereinafter "Citi") by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 26(c), 9 U.S.C. §§ 3-4, and Rule 12(b)(1), moves the Court to stay discovery and the Parties' Rule 26(f) obligations pending resolution of Defendant's motion to dismiss and compel arbitration. D.E. 10. Defendant states as follows:

---

[1] Plaintiff was employed by Citibank, N.A. and has incorrectly filed suit against Citigroup, Inc.

## I.    FACTUAL BACKGROUND

On March 16, 2026, Plaintiff filed her Complaint raising various claims including gender and pay discrimination under federal and state law. In lieu of filing an answer, Defendant filed a Motion to Dismiss and to Compel Arbitration pursuant to a valid arbitration agreement between the Parties (the "Motion"). (D.E. 10).

Notwithstanding Defendant's pending dispositive motion, Plaintiff initiated Rule 26(f) discussions with Defendant by e-mail on April 9, 2026. In her Rule 26(f) proposal to Defendant, Plaintiff indicated that she would seek broad and expansive discovery into the merits of her claims, including reduction-in-force data, comparator information, pay equity analyses, performance evaluation records, and compensation records, among other topics and that if Defendant did not respond to her within 14 days (or by April 23), Plaintiff would submit the Rule 26(f) proposal to the Court unilaterally. Plaintiff demanded this response even though the Case Management Report need not be filed until 40 days after the Defendant enters an appearance pursuant to Local Rule 3.02 or by May 16, 2026. Requiring the Parties to engage in the Rule 26(f) case management conference and agree upon the scope of discovery before the Court determines whether this Court has jurisdiction and whether an arbitrator should preside over these issues is inefficient and burdensome. This will also result in Defendant taking actions

adverse to its efforts to enforce an arbitration agreement and resulting in an unnecessary expenditure of time and resources. Good cause exists to stay the Parties' Rule 26(f) obligations and discovery in this case until the Court resolves Defendant's Motion.

## II.   LEGAL STANDARD

District courts maintain great discretion to regulate discovery. *See Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1077 (M.D. Fla. 2014). Motions to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure but the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

## III.   ARGUMENT

The Court should stay the Parties' Rule 26(f) obligations and discovery in this case, pending the resolution of Defendant's motion to dismiss and compel arbitration. *See McIntosh v. Hilton Grand Vacations, Inc.*, No. 6:25-cv-487-WWB-UAM, 2025 LX 16549 (M.D. Fla. May 15, 2025) (granting motion to stay discovery

3

pending resolution of motion to compel arbitration); *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (stating that "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."); *see Solar Star Sys., LLC v. BellSouth Telcomms., Inc.*, No. 10-21105-CIV, 2011 U.S. Dist. LEXIS 38150, at *2 (S.D. Fla. Mar. 20, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."). Where a party requests a stay pending resolution of a dispositive motion, the court must take a "preliminary peek" at the motion to determine whether the motion appears clearly meritorious and case dispositive. *See Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1077 (M.D. Fla. 2014) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

Here, Defendant has moved to dismiss the instant action and to compel arbitration of all claims asserted by Plaintiff pursuant to a binding arbitration agreement. D.E. 10. If granted, the Motion will require Plaintiff to pursue her claims in arbitration and will result in either the dismissal or stay of this action.[2] Because Defendant's Motion may dispose of Plaintiff's claims altogether, as all of Plaintiff's claims are arbitrable, it would be impractical to require the parties to

---

[2] Plaintiff's sole defense to enforcing the Parties' arbitration agreement is her attempt to invoke the Ending Forced Arbitration Act ("EFAA"), which is clearly inapplicable in this case as Plaintiff did not allege a single factual allegation in support of a plausible sexual harassment or sexual assault claim. *See* D.E. 1.

engage in a Rule 26(f) case management conference and engage in discovery while the Motion is pending. Accordingly, there is good cause to temporarily stay discovery pending the Court's order on Defendant's Motion.

Plaintiff will not be prejudiced by a stay of discovery in this action. A stay of discovery and the Parties' Rule 26(f) obligations pending resolution of Defendant's Motion is beneficial to both Parties as it would prevent the unnecessary expenditure of resources that implicate holding a Rule 26(f) conference and subsequent follow-up conferences, preparing a joint case management report, preparing initial disclosures, and undergoing discovery. If arbitration is compelled, Plaintiff will have the opportunity to pursue discovery in the arbitral forum as appropriate. Likewise, if Defendant's Motion is denied, the Parties will proceed with their Rule 26(f) conference and discovery shortly thereafter. The Court in *Avigdor Slatus v. Flake*, No. 4:25-cv-232, 2025 LX 579183, at *5 (S.D. Ga. Dec. 19, 2025) granted a motion to stay discovery pending resolution of motion to compel arbitration, noting:

> Ultimately, a stay of these proceedings would be an efficient use of judicial resources. If Truist's motion to compel arbitration is denied, Plaintiffs will be afforded a full opportunity to conduct discovery. If the motion to compel arbitration is granted, the parties will proceed in accordance with the applicable arbitration rules. But 'allowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement.'

5

The failure to impose a stay would be burdensome and prejudicial to Defendant as it would be forced to engage in case management discussions and discovery planning in the incorrect forum. More importantly, Defendant cannot engage in discovery now as that action could be viewed as a waiver of arbitration. *See McIntosh v. Hilton Grand Vacations, Inc.*, 2025 LX 16549, at *4. As such, the Court should issue a stay of discovery and of the Parties' Rule 26(f) obligations in this case until Defendant's Motion is resolved.

**CONCLUSION**

For all reasons provided above, Defendant respectfully requests an Order: (1) entering a stay of discovery and of the Parties' Rule 26(f) obligations in this action until the Court rules on Defendant's motion to dismiss and compel arbitration (D.E. 10), and (2) any other relief this Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATE**

Counsel for Defendant conferred with Pro Se Plaintiff on April 9, 2026, via e-mail regarding the relief requested in this Motion. Plaintiff opposes the relief requested.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

6

DATED this 10th day of April 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By:     */s/ Stephanie Adler-Paindiris*
        Stephanie Adler-Paindiris
        Florida Bar No. 0523283
        stephanie.adler-
        paindiris@jacksonlewis.com
        390 North Orange Avenue, Ste. 1285
        Orlando, Florida 32801
        Tele:   (407) 246-8440
        Fax:    (407) 246-8441
        and
        Melissa M. Castillo
        Florida Bar No. 1025338
        melissa.castillo@jacksonlewis.com
        Wells Fargo Center
        100 South Ashley Drive, Suite 2200
        Tampa, FL 33602
        Tele: (813) 512-3210
        Fax:  (813) 512-3211

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and a copy was electronically furnished via email to yglazman@gmail.com and U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

                        */s/ Stephanie Adler-Paindiris*
                        Stephanie Adler-Paindiris

7