UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YULIYA GLAZMAN,

      **Plaintiff,**

v.                             **Case No. 6:26-cv-555-CEM-NWH**

CITIGROUP, INC.,

      **Defendant.**

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*. This is an action brought by Plaintiff against her former employer regarding alleged discrimination on the basis of sex. (*See* Doc. 1). The Complaint alleges that venue is proper in this District because "[a] substantial part of the events giving rise [to] this action occurred" in this District, (*id.*, ¶ 4), and that at all relevant times, Plaintiff "performed her duties in substantial part from her residence in Lake County, Florida, pursuant to Defendant's work-from-home arrangements," (*id.*, ¶ 11).

Title 28 U.S.C. § 1391 governs venue in civil actions brought in federal district court. 28 U.S.C. § 1391(a)(1). That statute provides, in pertinent part, that a civil action may be brought in a judicial district in which a "substantial part of the events or omissions giving rise to the claim occurred." *Id.* §1391(b)(2). When an action is brought in the wrong venue (that is, the wrong district court), a court "shall dismiss

[it], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

Plaintiff's allegations clearly situate this action in the Middle District of Florida. However, under the Court's Local Rules, Lake County is located within the Ocala Division of the Middle District, not the Orlando Division. Local Rule 1.04(a). Furthermore, "A party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced. Unless otherwise administratively ordered by the chief judge, the judge must transfer the action to the division most consistent with the purpose of this rule." Local Rule 1.04(b). Based upon Plaintiff's factual allegations, this action appears to belong in the Ocala Division.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** by written response **on or before April 24, 2026,** as to why this action should not be transferred to the Ocala Division of the United States District Court for the Middle District of Florida. If Plaintiff does not oppose transfer, she shall indicate as such in her Response to this Order.

Additionally, Defendant Citigroup, Inc., is **ORDERED** to respond to this Order **on or before April 24, 2026,** indicating whether it would oppose transferring this action to the Ocala Division.

- 2 -

**DONE** and **ORDERED** in Orlando, Florida, on April 14, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party