UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YULIYA GLAZMAN,

    *Plaintiff,*

    v.                                 Case No. 6:26-cv-555-CEM-NWH

CITIGROUP, INC.,

    *Defendant.*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

## RULE 26(f) CONFERENCE AND DISCOVERY

*Filed Pursuant to the Court's Order on Discovery Motions (Doc. 13)*

Defendant's motion should be denied for four independent reasons.

**First, the motion is procedurally noncompliant.** The Court's Order on Discovery Motions (Doc. 13), entered April 9, 2026, requires discovery disputes to be resolved via Short-Form Discovery Motions not exceeding 500 words. Defendant filed its motion on April 10, 2026, as a full-length brief well in excess of that limit. Defendant invokes Rule 26(c)—a discovery rule—as its procedural vehicle. If this is a discovery motion, it violates Doc. 13. If it is not a discovery motion, Defendant has no basis to invoke Rule 26(c). The motion fails on form alone.

**Second, the Rule 26(f) conference is not discovery and cannot be stayed under Rule 26(c).** The conference is a mandatory planning obligation under Fed. R. Civ. P. 26(f)(1) and Local Rule 3.02(a)(1). It requires the parties to confer about claims, defenses, preservation, and scheduling. It does not require the production of a single document. Rule 26(c) authorizes protective orders from burden or cost in connection with *discovery*. The 26(f) conference is not discovery. No authority supports staying it under Rule 26(c).

**Third, Local Rule 3.02 imposes a mandatory, non-discretionary deadline that the motion asks the Court to override.** The case management report "must" be filed within forty days of any defendant's appearance. Local Rule 3.02(b)(1). The conference "must" precede the report. Local Rule 3.02(a)(1)–(2). Staying the conference prevents compliance with the CMR deadline. The motion asks the Court to suspend its own Local Rule. Notably, Local Rule 3.02(d) lists eleven categories of excepted proceedings. Subsection (d)(10) excepts actions to confirm or enforce an arbitration award. A case with a *pending* motion to compel arbitration is not listed. The drafters considered arbitration and chose not to except this scenario.

**Fourth, no discovery exists to stay.** No interrogatories, document requests, deposition notices, or subpoenas have been served. No scheduling order exists. No initial disclosures have been triggered. Plaintiff's 26(f) proposal is a planning document transmitted to initiate the mandatory conference—it proposes a

discovery framework for the CMR. It does not initiate discovery. The motion seeks to enjoin proceedings that do not exist. If Defendant seeks a protective order from specific discovery, it may do so when specific discovery is served.

To the extent the Court considers the merits, the "preliminary peek" standard requires that the underlying motion appear "clearly meritorious and case dispositive." *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1077 (M.D. Fla. 2014). Whether Plaintiff's hostile work environment claim constitutes a "sexual harassment dispute" under 9 U.S.C. § 401(4) is a contested legal question on which courts have divided. A contested question is not clearly meritorious. The preliminary peek does not support a stay.

Plaintiff respectfully requests the Court deny the motion and order the parties to complete the Rule 26(f) conference and file the Case Management Report within the Local Rule 3.02(b)(1) deadline.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April 2026, the foregoing was mailed to the Clerk of Court, United States District Court, Middle District of Florida, Orlando Division — via USPS Priority Mail for filing. Upon docketing by the Clerk, counsel for Defendant will be served via notice of electronic filing through the CM/ECF system.

Date: April 10, 2026

Respectfully submitted,

Yuliya Glazman
Plaintiff, pro se
2110 Thousand Trails Road
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

4

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

POSTAGE REQUIRED



PAPER POUCH

**UNITED S**
**POSTAL S**

**UNITED STATES POSTAL SERVICE.**

*Retail*

| P | US POSTAGE PAID |
|---|---|
| | **$11.95** Origin: 34714 04/10/26 1116810526-99 |

**PRIORITY MAIL®**

ected delivery date specifi

nestic shipments include $

S Tracking® service includ

ited international insurance

en used internationally, a c

nce does not cover certain items.

tic Mail Manual at *http://pe.usps.c*

International Mail Manual at *http:/*

0 Lb 2.10 Oz

**RDC 03**

EXPECTED DELIVERY DAY:   04/14/26

C016

SHIP
TO:
STE 1100
401 W CENTRAL BLVD
ORLANDO FL 32801-0100

**AT RATE EN'**

RATE ■ ANY WEIGHT

**USPS TRACKING® #**



9505 5124 7328 6100 3882 14

**ACKED ■ INS**

PS00001000014

FROM: Yuliya glazman
2110 Thousand Trails Blvd
Clarmont FL 34717

TO: Clark of Court
United States District
court
Middle District of Florida
Orlando Division
401 West Central Boulevard
Suite 1100
Orlando FL
32801





PAPER POUCH

how2recycle.info

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.

SKNA



# UNITED STATES POSTAL SERVICE ®

# PRIORITY MAIL ®

# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

# TRACKED ■ INSURED



FP14F November 2025

# VISIT US AT USPS.CO

ORDER FREE SUPPLIES ONLI