

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

Yuliya Glazman,

    *Plaintiff,*

      v.                       Case No. 6:26-cv-00555-CEM-NWH

Citigroup, Inc., and Citibank, N.A.,

    *Defendant.*

_____/

## PLAINTIFF'S MOTION TO TRANSFER ACTION TO THE

## TAMPA DIVISION PURSUANT TO LOCAL RULE 1.04(b)

Plaintiff Yuliya Glazman, appearing pro se, respectfully moves the Court for an

order transferring this action to the Tampa Division of the United States District

Court for the Middle District of Florida pursuant to Local Rule 1.04(b). In

support, Plaintiff states:

1.    Local Rule 1.04(b) provides that "[a] party must begin an action in

the division to which the action is most directly connected or in which the action

is most conveniently advanced," and that "the judge must transfer the action to the division most consistent with the purpose of this rule."

2. Plaintiff's First Amended Complaint, filed contemporaneously herewith pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), is the operative pleading in this action.

3. The operative facts of this action, as pleaded in the First Amended Complaint, are most directly connected to the Tampa Division within the meaning of Local Rule 1.04(b).

4. Plaintiff was hired into Defendant's Tampa, Florida operations. Plaintiff was trained at Defendant's Tampa facilities. Plaintiff's supervisors during the relevant period were located in or directed operations from Defendant's Tampa facilities. Defendant maintains its local operational headquarters in Tampa.

5. A substantial portion of the employment conduct giving rise to this action — including in-office work at Defendant's Tampa facilities, supervisory direction originating from Tampa, and return-to-office requirements applied to Plaintiff as part of the pattern pleaded in Count I of the First Amended Complaint — occurred at or was directed from Defendant's Tampa operations.

6. The Tampa Division is accordingly the division most directly connected to the operative facts of this action under Local Rule 1.04(b).

7. The Tampa Division is also the division in which the action is most conveniently advanced within the meaning of Local Rule 1.04(b). Defendant's witnesses, records, and operational personnel are located in Tampa. Counsel for Defendant, Jackson Lewis P.C., maintains a Tampa office.

8. On April 23, 2026, Plaintiff conferred with counsel for Defendant by email regarding transfer of this action to the Tampa Division. By email response dated April 23, 2026, counsel for Defendant stated that Defendant does not oppose transfer of this action to the Tampa Division.

9. No party will be prejudiced by transfer to the Tampa Division. The case is at the pleading stage. No discovery, pre-trial, or trial deadlines have been set.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order transferring this action to the Tampa Division of the United States District Court for the Middle District of Florida pursuant to Local Rule 1.04(b).

Date: April 23, 2026

Respectfully submitted,

Yuliya Glazman
Plaintiff, Pro Se
2110 Thousand Trails Road
Clermont, FL 34714

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff conferred with counsel for Defendant by email on April 23, 2026 regarding the relief requested herein. Counsel for Defendant responded the same day, stating that Defendant does not oppose transfer of this action to the Tampa Division.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2026, I filed the foregoing

with the Clerk of Court. Service on counsel for Defendant will be accomplished

by operation of the Court's CM/ECF system upon docketing.

Yuliya Glazman