UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Yuliya Glazman,

    *Plaintiff,*

    v.                      Case No. 6:26-cv-555-CEM-NWH

Citigroup, Inc., and Citibank, N.A.,

    *Defendant.*

_____/

## PLAINTIFF'S URGENT MOTION TO VACATE APRIL 28, 2026 HEARING

**Designation as Urgent Under Local Rule 3.01(d)**

This motion is designated as urgent under Local Rule 3.01(d). The hearing that Plaintiff seeks to vacate is set for April 28, 2026 at 10:00 AM (Doc. 20). This motion is being filed on April 27, 2026. Unless the Court rules before 10:00 AM on April 28, 2026, the relief requested will be moot. Plaintiff respectfully requests a ruling no later than April 28, 2026.

Plaintiff Yuliya Glazman respectfully moves the Court to vacate the hearing currently set for April 28, 2026 at 10:00 AM (Doc. 20) and to resolve unopposed the Order to Show Cause (Doc. 16) on the papers.

### I.    PROCEDURAL POSTURE

1.     On April 14, 2026, the Court issued an Order to Show Cause why this action should not be transferred to the Ocala Division (Doc. 16).

2.     On March 16, 2026, Plaintiff filed a Motion for Leave to File Electronically (Doc. 2). On April 13, 2026, the Court denied the motion without prejudice (Doc. 15). Plaintiff has not thereafter filed a notice of consent to electronic service in this action.

3.     On April 22, 2026, Plaintiff filed a Motion for Extension of Time to file a response to the Order to Show Cause (Doc. 18). The Motion for Extension was denied (Doc. 19).

4.     On April 24, 2026, Plaintiff filed a Notice of Non-Opposition to the Order to Show Cause stating that Plaintiff does not oppose the transfer proposed in the Order (Doc. 23).

5.     On April 23, 2026, the Court entered a Notice of Hearing setting a hearing on the Order to Show Cause for April 28, 2026 at 10:00 AM (Doc. 20). The hearing is set by videoconference.

6.     The Notice of Hearing was transmitted to Plaintiff by electronic mail. On April 24, 2026, Plaintiff filed a Notice of Non-Consent to Service by Electronic Means.

## II.    GROUNDS FOR VACATUR

7.     The Order to Show Cause is unopposed. Plaintiff has filed a Notice of Non-Opposition stating that Plaintiff does not oppose the transfer proposed in the Order. Defendant has not been invited to respond to the Order and has

not done so. No party has placed any issue before the Court requiring oral resolution.

8.    The Order to Show Cause can be resolved on the papers now before the Court. The Order identifies the divisional venue question under Local Rule 1.04(b). Plaintiff's Notice of Non-Opposition resolves that question in favor of the transfer proposed by the Order. No factual dispute exists. No evidentiary issue is presented. No credibility determination is required. The record is complete for disposition.

9.    Plaintiff proceeds pro se. Plaintiff's participation in this action is unassisted by counsel. Oral hearings impose preparation, appearance, and performance demands on a pro se litigant that paper practice does not. Where a matter can be resolved on the papers, the imposition of an oral hearing on a pro se litigant produces asymmetric burden without corresponding procedural benefit.

10.    Plaintiff respectfully requests that this action proceed on the papers to the fullest extent consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court. This preference is not an abandonment of any right to be heard; it is an election of the written record as the forum in which Plaintiff is best positioned to present her case.

11.    The videoconference format of the April 28, 2026 hearing does not alter the foregoing. The medium of the hearing is not the issue. The existence of the hearing is the issue.

### III.    COLLATERAL SCHEDULING CONFLICT

12.    Independent of the foregoing, the hearing as presently set conflicts with Plaintiff's standing weekly caregiving obligations. Plaintiff is the mother of two minor children with standing weekly medical and therapeutic appointments on Mondays and Tuesdays that have been in place for approximately four years. The April 28, 2026 hearing directly conflicts with one such appointment. The recurring schedule and the April 28, 2026 appointment are corroborated by the letter of Plaintiff's children's treating speech-language pathologist, attached as **Exhibit A.**

13.    This motion is being presented to the Clerk of Court in person on Monday, April 27, 2026, in accordance with the Court's April 13, 2026 order (Doc. 15). As a consequence of the in-person filing trip, one of Plaintiff's children may not receive scheduled services on Monday, April 27, 2026. The Tuesday, April 28, 2026 appointment cannot be displaced on the same basis without a second consecutive day of missed services.

14.    The scheduling conflict is set forth as independent and collateral ground for vacatur. It is not the principal basis for the relief requested. The principal basis is that the hearing is unnecessary to the disposition of the unopposed Order to Show Cause.

### IV.    RELIEF REQUESTED

15.    Plaintiff respectfully requests that the Court:

- Vacate the hearing set for April 28, 2026 at 10:00 AM (Doc. 20); and

- Resolve the Order to Show Cause (Doc. 16) on the papers before the Court, including Plaintiff's Notice of Non-Opposition.

16.    Plaintiff further respectfully requests that all matters in this action be determined on the papers.

17.    If the Court orders oral proceedings on any matter, Plaintiff respectfully requests the opportunity to attend, to document the questions or matters directed to Plaintiff, and to respond to the Court in writing within a reasonable period set by the Court. Plaintiff reserves the right to respond orally in lieu of or in addition to written response.

Date: April 27, 2026                                       Respectfully submitted,


_____

Yuliya Glazman
Plaintiff, pro se
2110 Thousand Trails Road
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April 2026, the foregoing, together with Exhibit A, was filed in person with the Clerk of Court, United States District Court, Middle District of Florida, Orlando Division. Upon docketing, counsel for Defendant will be served via notice of electronic filing through the CM/ECF system.

Yuliya Glazman
Plaintiff, pro se