UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YULIYA GLAZMAN,

    Plaintiff,

v.                           Case No. 6:26-CV-00555-CEM-NWH

CITIGROUP, INC., and
CITIBANK, N.A.

    Defendants.

---

## DECLARATION OF SANDRINA WILSON

I, Sandrina Wilson, declare as follows:

1.     I am currently employed as a Human Resources Business Partner for Citibank, N.A. As a Human Resources Business Partner, I am responsible for delivering and implementing human resources services, and have custodial access to personnel records for Citibank, N.A. employees, including for former Sr. Business Associate, Yuliya Glazman ("Plaintiff" or "Glazman"). In this capacity, I have full access to the contents of Ms. Glazman's personnel file. I make this declaration in support of Defendants' Motion to Dismiss First Amended Complaint and Compel Arbitration.

2.     I have reviewed and am familiar with the contents of Ms. Glazman's personnel file. I have personal knowledge of the facts set forth below based on

information contained within Ms. Glazman's personnel file, and if called upon as a witness, I could and would testify competently thereto.

3.    Yuliya Glazman began working for Citibank, N.A. on June 25, 2007. She left Citibank, N.A. in 2012 and was rehired on February 16, 2016 as an Expense Management Analytics Lead Analyst. Most recently, Ms. Glazman was employed as a Sr. Business Associate.

4.    Citibank has an arbitration policy (the "Arbitration Policy") located in its 2025 U.S. Citi Handbook. The Policy expressly provides:

> This Employment Arbitration Policy applies to both you and to Citi, and makes arbitration the required and exclusive forum for the resolution of all covered employment-related disputes (i.e., other than disputes which are expressly excluded from this Policy as described below) between you and Citi (including Citi's predecessors, successors and assigns, its current, former, and future parents, subsidiaries and affiliates and its and their current, former, and future officers, directors, employees and agents). However, this Policy doesn't create a legal claim where one does not otherwise exist under law. Therefore, by acknowledging receipt of this Policy and/or continuing your employment with Citi after this Policy is distributed, you are accepting the Policy and waiving any legal right you may have to bring your employment-related disputes in court and/or to have your disputes heard by a jury. This Policy applies to both existing and future disputes, including any disputes based on conduct that occurred before this Policy. Subject to the remainder of

this Section, these disputes include, without limitation, claims, demands or actions under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto, and any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation, or any claims arising under or related to the Citigroup Separation Pay Plan.

A true and correct copy of the Arbitration Policy is attached as Exhibit A.

5.     On July 3, 2025, Ms. Glazman acknowledged receipt of the 2025 U.S. Citi Handbook. A true and correct copy of Ms. Glazman's signed 2025 U.S. Employee Handbook Acknowledgment is attached as Exhibit B.

6.     Ms. Glazman's signed 2025 U.S. Employee Handbook Acknowledgment states:

> I UNDERSTAND THAT BY ACKNOWLEDGING RECEIPT OF THE 2025 U.S. HANDBOOK AND THE EMPLOYMENT ARBITRATION POLICY, I AM WAIVING ANY RIGHT I MAY HAVE UNDER THE LAW TO BRING EMPLOYMENT-RELATED DISPUTES, WHETHER

INITIATED BY ME OR BY CITI, IN FEDERAL OR STATE COURT, OR TO HAVE ANY EMPLOYMENT-RELATED DISPUTE HEARD BY A JURY. I UNDERSTAND THAT THIS WAIVER OF RIGHTS COVERS ALL TYPES OF EMPLOYMENT- RELATED DISPUTES AS DESCRIBED IN THE ARBITRATION POLICY. I UNDERSTAND THAT I WILL INSTEAD BE REQUIRED TO SUBMIT ALL SUCH EMPLOYMENT-RELATED DISPUTES FOR FINAL AND BINDING DECISION BY AN ARBITRATOR.

WITH THE EXCEPTION OF THE EMPLOYMENT ARBITRATION POLICY, WHICH IS A STANDALONE AGREEMENT CONTAINED IN APPENDIX A, AND IS A BINDING CONTRACT REQUIRING ME TO ARBITRATE ALL EMPLOYMENT- RELATED DISPUTES, I UNDERSTAND THAT NOTHING CONTAINED IN THIS HANDBOOK, NOR THE HANDBOOK ITSELF, IS CONSIDERED A CONTRACT OF EMPLOYMENT. . .

I understand that appended to this Handbook is an Employment Arbitration Policy that requires me and Citi to submit employment-related disputes to binding arbitration (see Appendix A). I understand that it's my obligation to read these documents carefully. I also understand that no provision in this Handbook or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of my or Citi's right to compel arbitration of employment-related disputes.

7.     I have personal knowledge of the facts included in this declaration and if called as a witness could and would competently testify thereto.

I declare under the penalty of perjury that the facts set forth above are true and correct.

Executed on this 5th day of May, 2026 in Tampa, Florida.

Sandrina Wilson

4903-5752-3111, v. 1

4